IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOEY DAUGHERTY,

        Plaintiff,

vs.                       Case No. 07-1294-JTM

MICHAEL J. ASTRUE,
   Commissioner of Social Security,

        Defendant.

MEMORANDUM AND ORDER

Plaintiff Joey Daugherty has applied for Social Security disability benefits. His application was denied by the ALJ on October 27, 2006, a decision affirmed by the Appeals Council on July 25, 2007. There are two allegations of error by Daugherty: 1) that ALJ's assessment of his residual functional capacity (RFC) is not supported by substantial evidence, and 2) that the ALJ's assessment of his credibility was improper.

Plaintiff-claimant Daugherty was born in 1957, and he became disabled beginning August 14, 2003. Daugherty has stated that he suffers from back pain and depression. The detailed facts of the case, which are incorporated herein, are set forth independently in the ALJ's opinion (Tr. 16-25), and the brief of Daugherty (Dkt. No. 5, at 1-10), and advanced *seriatim* in the argument section of the Commissioner's response (Dkt. No. 12, at 3-9).

The Commissioner determines whether an applicant is disabled pursuant to a five-step sequential evaluation process (SEP) pursuant to 20 C.F.R. §§ 404.1520 and 416.920. The applicant

has the initial burden of proof in the first three steps: he must show whether he is engaged in substantial gainful activity, he has a medically-determinable, severe ailment, and whether that impairment matches one of the listed impairments of 20 C.F.R. pt. 404, subpt P., app. 1. *See Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989). If a claimant shows that he cannot return to his former work, the Commissioner has the burden of showing that he can perform other work existing in significant numbers in the national economy. 20 C.F.R. § 404.1520(f). *See Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984).

The court's review of the Commissioner's decision is governed by 42 U.S.C. 405(g) of the Social Security Act. Under the statute, the Commissioner's decision will be upheld so long as it applies the "correct legal standard," and is supported by "substantial evidence" of the record as a whole. *Glenn v. Shalala*, 21 F.3d 983, 984 (10th Cir. 1994).

Substantial evidence means more than a scintilla, but less than a preponderance. It is satisfied by evidence that a reasonable mind might accept to support the conclusion. The question of whether substantial evidence supports the Commissioner's decision is not a mere quantitative exercise; evidence is not substantial if it is overwhelmed by other evidence, or in reality is a mere conclusion. *Ray*, 865 F.2d at 224. The court must scrutinize the whole record in determining whether the Commissioner's conclusions are rational. *Graham v. Sullivan*, 794 F. Supp. 1045, 1047 (D. Kan. 1992).

This deferential review is limited to factual determinations; it does not apply to the Commissioner's conclusions of law. Applying an incorrect legal standard, or providing the court with an insufficient basis to determine that correct legal principles were applied, is grounds for reversal. *Frey v. Bowen*, 816 F.2d 508, 512 (10th Cir. 1987).

The ALJ found that Daugherty was severely impaired due to his back condition, as well as various mental limitations. (Tr. 25, ¶ 3). He also found that Daugherty retained an RFC which would permit him to frequently lift 10 pounds, and to occasionally lift or carry 20 pounds. He could stand for four hours per day, and sit for four hours per day, alternating between sitting and standing. Daugherty used a cane one to two hours daily when walking, and thus could not carry more than 10 pounds with one arm. He could not work with the public. (Tr. 25, ¶ 5).

Daugherty first argues (Dkt. No. 5, at 12) that the ALJ erred in failing to incorporate all of the medical evidence, in particular the opinions of Dr. Robert Takacs (who treated Daugherty during his workers compensation claim), Dr. Brent Koprivica (an occupational medicine practioner who saw Daugherty at the request of Daugherty's counsel), Dr. John Pro (a psychiatrist), and a nurse practioner, Ms. Rajotte. The court has reviewed the ALJ's opinion and the medical testimony and finds no error. The ALJ did not ignore these medical opinions but independently reviewed their conclusions in the course of his opinion. (Tr. 19-22).

The testimony of each of the cited authorities does not demonstrate error in the RFC adopted by the ALJ. Dr. Takacs agreed that Daugherty had some back pain, but also felt there was "significant symptom magnification," that Daugherty was not a good candidate for surgery, and recommended only conservative care. (Tr. 350). In a later follow-up opinion (Tr. 346-47), Dr. Takacs felt that Daugherty suffered only a 10 percent permanent partial disability. The evidence from Dr. Koprivica was consistent. While generally concluding that Daugherty suffered from "significant chronic pain syndrome," Koprivica acknowledged that there was also "exaggeration of his underlying disability." (Tr. 331). He noted that Daugherty was "positive for over-reaction," and that the conclusion of disability was "obviously" dependent on "the validity of the pain

3

presentation." (Tr. 330, 332). As noted by the ALJ, Dr. Pro conducted a brief examination of Daugherty in 2005, after the expiration of the patient's insured status, and concluded that he suffered from chronic low grade depression. The ALJ observed correctly that there was no evidence of any mental impairment prior to the expiration of insured status. Ms. Rajotte similarly examined Daugherty after the expiration of his insured status, and her report (Tr. 533) in any event does not suggest any error in the RFC adopted by the ALJ.

Nor was the RFC the product of a an impermissibly vague question to the vocational expert, as plaintiff suggests (Dkt. No. 5, at 16). The question posed to the vocational expert (Tr. 613) incorporated all of the limitations which were adopted by the ALJ, including the need for alternating between standing and sitting. The expert then testified that while such alternating requirements were not independently discussed in the Dictionary of Occupational Titles, the expert's experience in job placement gave her sufficient understanding and knowledge to testify that Daugherty could perform in the jobs specified.

Daugherty contends that the ALJ erred in concluding that he was not fully credible as a witness. The assessment of a claimant's credibility is for the ALJ. *Hamilton v. Secretary of HHS*, 961 F.2d 1495, 1499 (10th Cir. 1992). This court will not substitute its judgment as to a claimant's credibility, where that finding is based on substantial evidence. *See Casias v. Secretary of HHS*, 933 F.3d 799 (10th Cir. 1991).

The court finds no error in the credibility assessment. That assessment (Tr. 23) was based on the contrast between Daugherty's contentions of disabling back pain and mental illness, and the medical evidence showing any abnormal neurological conditions, or any attempt to obtain mental health treatment until 2005. Dr. Takacs did not recommend surgery and found only limited physical

impact from the back injury; he returned Daugherty to work with only light limitations. As the ALJ noted, Daugherty's physicians repeatedly expressed concern about symptom magnification. The ALJ noted that Daugherty stated that his depression arose because he was unable to work, but the evidence showed that Daugherty had in fact worked during the period he was allegedly disabled. Finally, the ALJ found that Daugherty was "quite active" in his daily life (Tr. 157-60, 328, 510), and that as a result, Daugherty was not fully credible. The court has reviewed the record and finds that this conclusion was not reversible error.

IT IS ACCORDINGLY ORDERED this 10th day of March, 2009, that the present appeal is hereby denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE